John David GEREMIA, Plaintiff–
Appellant,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT; et
al., Defendants–Appellees,

and

William MOMA, a.k.a. Billy
R. Moma, Defendant.

No. 01–15840.

D.C. No. CV–97–01166–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN, and
TASHIMA, Circuit Judges.

MEMORANDUM **

John David Geremia appeals pro se the summary judgment in favor of Las Vegas Metropolitan Police Department and Detective Ball, and the orders denying Geremia's motions for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review summary judgment de novo, and denial of reconsideration for an abuse of discretion. *Hayes v. Palm Seedlings Partners–A, (In re Agricultural Research & Tech. Group, Inc.),* 916 F.2d 528, 533

(9th Cir.1990). The district court properly granted summary judgment to the Las Vegas Metropolitan Police Department and to Detective Ball in his official capacity because Geremia failed to demonstrate the existence of a genuine issue of material fact with respect to his claims that the municipality had policies which led to improper arrests and inadequately trained its police officers in arrest procedures. *See Butler v. Elle,* 281 F.3d 1014, 1026 n. 9 (9th Cir.2002) (per curiam); *McDade v. West,* 223 F.3d 1135, 1141–42 (9th Cir.2000). Similarly, the district court properly granted summary judgment to Detective Ball in his individual capacity because Geremia failed to set forth evidence to support his allegation that Detective Ball caused a cognizable constitutional injury. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (stating that threshold question for qualified immunity analysis is whether officer's conduct violated a constitutional right); *Smiddy v. Varney,* 665 F.2d 261, 267 (9th Cir.1981) (holding that police officers are not liable for damages under 42 U.S.C. § 1983 where district attorney made decision to file charges and there is no evidence to rebut presumption that district attorney acted independently).

The district court did not abuse its discretion by denying Geremia's motions for reconsideration because Geremia failed to present adequate grounds for relief. *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

The district court did not abuse its discretion by denying Geremia's motion to compel discovery because Geremia's alle-

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Geremia's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

gation that defendants withheld a portion of Joann Tullos' July 1995 statement lacked factual support. *See Hallett v. Morgan,* 287 F.3d 1193, 1212 (9th Cir. 2002).

The remaining contentions raised in the opening brief lack merit. We have not considered contentions improperly raised for the first time in Geremia's Reply Brief. *See Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.